**SO ORDERED.**

**SIGNED this 06 day of December, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                    FAYETTEVILLE DIVISION


IN RE:                              CASE NO.

NATIONAL GAS DISTRIBUTORS, LLC,     06-00166-8-ATS

     DEBTOR


RICHARD M. HUTSON, II, Trustee      ADVERSARY PROCEEDING NO.
for National Gas Distributors, LLC,
f/k/a Paul Lawing, Jr., LLC,        S-06-00122-8-AP

     Plaintiff

     v.

PUROLATOR PRODUCTS NA, LLC,

     Defendant.
```

ORDER DENYING MOTIONS TO DISMISS,
FOR MORE DEFINITE STATEMENT, AND TO STRIKE

The matter before the court is the motion of the defendant, Purolator Products NA, LLC, to dismiss under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure (made applicable in this bankruptcy proceeding by Rules 7012(b) and 7009 of the Federal Rules of Bankruptcy Procedure) the claims of the plaintiff, Richard M. Hutson,

II, trustee for the chapter 11 debtor National Gas Distributors, LLC. Alternatively, Purolator moves to require the trustee to file a more definite statement of his claims under Rule 12(e) and to strike certain paragraphs of the Complaint under Rule 12(f) of the Federal Rules of Civil Procedure (which rules are made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). A hearing, with the consent of the parties, was held on November 15, 2006, in Durham, North Carolina in the courtroom of the Turner Law Building on the campus of the North Carolina Central University School of Law. The court also heard similar motions to dismiss in 12 other adversary proceedings.

This court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(H), which this court may hear and determine.

National Gas Distributors, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 20, 2006, and at the request of Lawrence R. Hirsch, the receiver for National Gas Distributors appointed in a state court proceeding prior to the debtor's bankruptcy, Richard M. Hutson, II was appointed chapter 11 trustee. The trustee filed complaints against 13 former customers of National Gas Distributors, including Purolator, seeking to avoid,

2

pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (a)(1)(B), pre-bankruptcy transfers made by the debtor, and to recover those transfers from the defendants pursuant to § 550(a)(1).

The gist of the trustee's complaints is that National Gas Distributors, as part of a fraudulent scheme, sold natural gas to some of its customers, including Purolator, at below market prices. Specifically, with respect to Purolator, the trustee alleges that during the twelve months preceding the filing of the bankruptcy petition, the debtor sold natural gas to Purolator at below market prices resulting in an aggregate loss of approximately $247,466.51. The below market price of each sale, the alleged market price at the time of each sale, and the resulting loss to National Gas from each sale is set forth in detail in an attachment to the complaint.

The trustee alleges that the sales were made by National Gas with the intent to hinder, delay and defraud creditors and that the fraud included the below market sales, false invoices, false reporting of invoices to the debtor's secured lenders, and obtaining loans on the basis of false information. According to the trustee, those alleged facts support avoidance of the transfers pursuant to § 548(a)(1)(A).

The trustee also alleges that at the time of the transfers, National Gas Distributors was insolvent and, because the sales were made at below market value, National Gas Distributors did not receive reasonably equivalent value for the natural gas that it sold.

Accordingly, the trustee maintains that the transfers should be avoided under § 548(a)(1)(B).

Purolator and the other defendants argue that these allegations are not sufficient to state a claim upon which relief can be granted under either § 548(a)(1)(A) or § 548(a)(1)(B).

For purposes of deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure), the court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  Because the rules require only notice pleading, courts construe a plaintiff's allegations liberally.  In addition, the court may not consider materials outside the pleadings without converting the motion to one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  See Rule 7012, Fed. R. Bankr. P.

Trustee's Cause of Action Pursuant to § 548(a)(1)(A)

Section 548(a)(1)(A) provides

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

4

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or . . . .

11 U.S.C. § 548(a)(1)(A).

Purolator contends that there are several reasons why the trustee's complaint fails to state a cause of action under § 548(a)(1)(A). Purolator argues that the trustee has failed to set forth with particularity the circumstances constituting the alleged fraud as is required by Rule 9(b) of the Federal Rules of Civil Procedure.  The court disagrees with Purolator, as the complaint does state with particularity the circumstances constituting the fraud.  The fraud as alleged consists of a scheme orchestrated by Paul Lawing, Jr., the sole member/manager of the debtor.  The fraudulent enterprise involved making sales to certain customers, including Purolator, at substantially below market prices, creating false invoices, making false reports to lenders, and obtaining loans from secured lenders by making false statements.  The individual within National Gas who conceived of and who executed the fraudulent scheme is identified as are the components of the fraudulent enterprise.  The specifics of the below market sales are attached to the complaint, and the secured lenders that received the fraudulent reports, First-Citizens Bank and Trust Company and Branch Banking and Trust Company, are named.

Purolator and the other defendants argue that they knew nothing of the fraud being committed by National Gas and were innocent of any wrongdoing. However, wrongdoing by the recipient is not an element of transfer avoidance under § 548(a)(1)(A). The transfer may be avoided if the debtor made the transfer "with actual intent to hinder, delay, or defraud." 11 U.S.C. § 548(a)(1)(A). The complaint clearly alleges that the debtor made the transfers with a fraudulent intent.

Purolator and the other defendants also argue that the trustee failed to plead a sufficient nexus between the alleged intentionally fraudulent conduct and the debtor's sale of gas to the defendant. Although the trustee's allegation that the debtor falsified accounting records clearly relates to the sale of gas to Purolator, Purolator contends that the fraud could have been accomplished by the debtor regardless of whether the actual sale was for below or above market prices. Purolator argues that there is no allegation of how the actual *sales* as opposed to the *reporting* of sales prices were accomplished with the "actual intent to hinder, delay or defraud" creditors. Furthermore, any fraud committed by the debtor would not have included sales at a below market price because such sales would not have been in the debtor's interest. However, the allegation is that the below market sales were a part of the scheme. It may ultimately be shown that the sales for below market price played no part in the fraudulent scheme, but that is not something to be decided on a motion to dismiss.

6

The trustee has adequately pled his cause of action under § 548(a)(1)(A), and the defendant's motion to dismiss with respect to that cause of action is **DENIED**.

<u>Trustee's Cause of Action Pursuant to § 548(a)(1)(B)</u>

Section 548(a)(1)(B) provides

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

\* \* \*

(B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B).

Purolator also contends that the trustee's complaint does not state a sufficient constructive fraud cause of action under § 548(a)(1)(B), and that the cause of action under § 548(a)(1)(B) should be dismissed pursuant to Rule 12(b)(6). Again, the court disagrees.

Purolator argues that the bare allegation that the transfers to Purolator were not for reasonably equivalent value is insufficient, and the plaintiff bears the burden of alleging and proving a lack of reasonable equivalence. Purolator challenges the trustee's calculations as overly simplistic, and maintains that the trustee has failed to meet his threshold burden. However, the trustee's allegations are specific, and the precise terms of the sales, the amount by which the sale price was below the market price and the resulting loss for each sale is detailed in the attachment to the complaint. The trustee has stated a claim under § 548(a)(1)(B), and the motion to dismiss regarding that cause of action is **DENIED**.

Motions for More Definite Statement and to Strike

The defendant's motions for a more definite statement and to strike portions of the complaint are also **DENIED**.

Purolator argues that the trustee's pleading fails to provide sufficient detail regarding each cause of action. As the court has already stated, the allegations are sufficiently specific. In orders entered on September 26, 2006, in the related adversary proceedings

8

brought by the trustee against Campbell Soup Company, Adv. Pro. No. S-06-00083-8-AP, and Pepperidge Farm, Incorporated, Adv. Pro. No. S-06-00094-8-AP, the court discussed the basis on which the motions for more definite statement in those proceedings were denied, and the same reasoning set forth in those orders is applicable here.  Any further elaboration of the alleged facts may be obtained through discovery.

The court has discretion under Rule 12(f) of the Federal Rules of Civil Procedure to strike any portion of a pleading that is "redundant, immaterial, impertinent, or scandalous." Purolator takes exception to several of the trustee's factual allegations, on varying grounds, but the court does not consider any of the challenged allegations to be redundant, immaterial, impertinent, or scandalous, and the defendant's motion to strike is **DENIED**.  Purolator is concerned that the allegations may suggest that Purolator was an active participant in the debtor's fraud, but the plaintiff's allegations are a legitimate part of the trustee's effort to explain the nature of the debtor's fraudulent activity, and they do not in themselves improperly suggest that Purolator intentionally engaged in concealment or other fraudulent activity of any kind.

Since the motion to dismiss has been denied, the defendant must file an answer to the complaint within ten days from the date of this order.

**END OF DOCUMENT**